UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
SOFIA SAENZ,                                             07 CIV 10534 (WCC)
                       Plaintiffs,
      - against -                              ANSWER OF
                                         DEFENDANTS
EDWARD LUCAS, individually, VINCENT         VINCENT MUSSOLINO
MUSSOLINO, individually, RICHARD            AND RICHARD LIGHT
LIGHT, individually, MARK DiGIACOMO,
individually, POLICE OFFICER JANE DOE,
individually, and the TOWN/VILLAGE OF
HARRISON, New York,
                       Defendants.
---------------------------------------------------------X

      Defendants VINCENT MUSSOLINO and RICHARD LIGHT by and through their attorneys, FRIEDMAN, HARFENIST, LANGER & KRAUT, answering the Plaintiffs' complaint, allege as follows:

      1.    The Defendants deny all allegations contained in paragraph "1" of the amended complaint and leave all questions of law to the time of trial.

      2.    The Defendants admit the allegations contained in paragraph "2" of the amended complaint.

      3.    The Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "3" of the amended complaint.

      4.    The Defendants deny all allegations contained in paragraph "4" of the amended complaint, except admit that Edward Lucas and Mark DiGiacomo were employed as Police Officers by the Town/Village of Harrison.

5. The Defendants admit the allegations contained in paragraph "5" of the amended complaint.

6. The Defendants admit the allegations contained in paragraph "6" of the amended complaint.

7. The Defendants admit the allegations contained in paragraph "7" in relation to the Town/Village of Harrison being a municipal subdivision of the State of New York but deny knowledge and information sufficient to form a belief as to any allegations related to Jane Doe.

8. The Defendants deny all knowledge and information sufficient to form a belief as to what Plaintiff saw on August 20, 2007 as alleged in paragraph "8" of the amended complaint.

9. The Defendants deny all allegations contained in paragraphs 9, except admit that Town Police responded to the scene.

10. The Defendants deny all allegations contained in paragraph "10" of the amended complaint, but admit that the Plaintiff was present at Police Headquarters.

11. The Defendants deny all allegations contained in paragraph "11" of the amended complaint.

12. The Defendants deny all allegations contained in paragraph "12" of the amended complaint.

13. The Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "13" of the amended complaint.

14. The Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "14" of the amended complaint.

15. The Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "15" of the amended complaint.

16. The Defendants deny all allegations contained in paragraph "16" of the amended complaint.

17. The Defendants deny all allegations contained in paragraph "17" of the amended complaint.

18. The Defendants deny all allegations contained in paragraph "18" of the amended complaint.

19. The Defendants deny all allegations contained in paragraph "19" of the amended complaint.

20. The Defendants deny all allegations contained in paragraph "20" of the amended complaint.

21. The Defendants deny all allegations contained in paragraph "21" of the amended complaint.

22. The Defendants deny all allegations contained in paragraph "22" of the amended complaint and leave all questions of law to the court.

23. The Defendants deny all allegations contained in paragraph "23" of the amended complaint.

### AS AND FOR AN ANSWER TO THE CLAIM

24. As and for an answer to paragraph "24" of the amended complaint, the Defendants repeat and reallege all allegations in paragraphs 1 through 23 of this answer as if more fully set forth hereat.

25. The Defendants deny all allegations contained in paragraph "253" of the amended complaint.

### AS AND FOR DEFENDANTS' FIRST AFFIRMATIVE DEFENSE

26. The Complaint fails to state a cause of action against the answering defendants.

### AS AND FOR DEFENDANTS' SECOND AFFIRMATIVE DEFENSE

27. The actions taken by the Defendants were made in good faith, without malice and in conformity with any and all applicable laws.

### AS AND FOR DEFENDANTS' THIRD AFFIRMATIVE DEFENSE

27. The actions complained of were in full accord with applicable State and Federal law.

**AS AND FOR DEFENDANTS'**
**<u>FOURTH AFFIRMATIVE DEFENSE</u>**

28. Plaintiffs' constitutional and statutory rights have not been violated by the named defendants herein.

**AS AND FOR DEFENDANTS'**
**<u>FIFTH AFFIRMATIVE DEFENSE</u>**

29. That any purported detention was reasonable or justified under *Terry v. Ohio* and additional New York and Federal decisional law.

**AS AND FOR DEFENDANTS'**
**<u>SIXTH AFFIRMATIVE DEFENSE</u>**

30. The Defendants' actions are protected by the doctrine of qualified immunity.

**WHEREFORE**, the Defendants demands judgment dismissing plaintiffs' complaint in its entirety along with the costs and disbursements of this action.

Dated: Purchase, New York
      March 7, 2008

                                            FRIEDMAN, HARFENIST, LANGER & KRAUT
                                            2975 Westchester Avenue
                                            Suite 415

Purchase, New York  10577
(914) 701-0800

By:_____S_____
    Neil Torczyner