UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
SOFIA SAENZ,                                             **07 CIV 10534 (WCC)**

                Plaintiff(s),

     -against-

                                                                                    **NOTICE OF MOTION**

EDWARD LUCAS, individually, VINCENT
MUSSOLINO, individually, RICHARD
LIGHT, individually, MARK DiGIACOMO,
individually, POLICE OFFICER JANE DOE,
individually, and the TOWN/VILLAGE OF
HARRISON, New York,

                Defendants.
--------------------------------------------------------X

    ***PLEASE TAKE NOTICE*** that upon the accompanying Memorandum of Law dated the 7th day of March, 2008, and all the papers and pleadings heretofore had herein, Defendants, EDWARD LUCAS, MARK DiGIACOMO and the TOWN/VILLAGE OF HARRISON, New York shall move this Court before the Hon. William Conner, at the United States District Court, Southern District of New York, located at 300 Quarropas Street, White Plains, New York, pursuant to Federal Rule of Civil Procedure 12(b)(6), for an order dismissing the plaintiff's complaint against Defendants EDWARD LUCAS, MARK DiGIACOMO and the TOWN/VILLAGE OF HARRISON, New York and for such other and further relief as may be just, proper and equitable under the circumstances existing herein.

Dated: Purchase, New York
       March 7, 2008

        Yours etc.,
FRIEDMAN, HARFENIST, LANGER & KRAUT
Attorneys for Defendant
TOWN/VILLAGE OF HARRISON, New York
2975 Westchester Avenue, Ste. 417
Purchase, New York   10577
(914) 701-0800

By:_____S_____
      Neil Torczyner

TO: Lovett & Gould, LLP
Attorneys for Plaintiffs
222 Bloomingdale Road
White Plains, NY 10605
(914) 428-8401

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
SOFIA SAENZ,

                              Plaintiff,

-against-

EDWARD LUCAS, individually, VINCENT
MUSSOLINO, individually, RICHARD
LIGHT, individually, MARK DiGIACOMO,
individually, POLICE OFFICER JANE DOE,
individually, and the TOWN/VILLAGE OF
HARRISON, New York,

                              Defendants.
------------------------------------------------------X



*Parties Added*
*Amended Summons Issued*

**ORIGINAL**

07 Civ. 10534 (WCC)

**FIRST AMENDED COMPLAINT**

**Jury Trial Demanded**

      Plaintiff SOFIA SAENZ, by her attorneys Lovett & Gould, LLP, for her first amended complaint respectfully states:

## NATURE OF THE ACTION

      1. This is an action for compensatory damages and punitive, proximately resulting from Defendants' conduct as engaged in under color of the laws of the State of New York, for violations of Plaintiff's rights as guaranteed by the Fourth Amendment to the United States Constitution, 42 U.S.C. §1983.

## JURISDICTION

      2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

1

## THE PARTIES

3. Plaintiff SOFIA SAENZ is a female of Peruvian national origin, a domiciliary of the State of New York, and a resident of the Northern Counties.

4. Defendants EDWARD LUCAS (hereinafter "Lucas") and MARK DiGIACOMO (hereinafter "DiGiacomo") who are sued in their individual and personal capacities only, at all times relevant to this complaint were employed as Police Officers by the Defendant municipality (hereinafter alternatively the "Town"). Lucas and DiGiacomo - - as were their individually named co-defendants were directed to engage in the conduct set forth *infra* by Anthony Marraccini (hereinafter "Marraccini"), a Town Police Captain who, by reason of the Chief of Police's abdication of responsibilities regarding the Police Department, *de facto* enjoys plenary, final decision making authority with respect to the conduct of "investigations" such as the one referenced *infra*.

5. Defendant VINCENT MUSSOLINO (hereinafter "Mussolino"), who is sued in his individual and personal capacities only, at all times relevant to this complaint was employed as a Police Officer by the Town.

6. Defendant RICHARD LIGHT (hereinafter "Light"), who is sued in his individual and personal capacities only, at all times relevant to this complaint was employed as a Detective by the Town.

7. Defendant TOWN/VILLAGE OF HARRISON, New York, is a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of said State. Defendant JANE DOE (hereinafter "Doe"), who is sued in her

2

individual and personal capacities only, is a member of the Town's Police Department. Her true identity is not presently known to Plaintiff.

## THE FACTS

8. At 9:15 p.m. on August 20, 2007, at 235 Harrison Avenue in the Town, Plaintiff witnessed an incident involving Joshua D. Clark (Plaintiff's then boyfriend) and Ralph Tancredi (Plaintiff's former boyfriend, a police officer employed by the Town, the President of the Town's PBA, and a Plaintiff against the Chief of Police, the Town's Police Captain and others in a number of pending federal civil rights actions) during which *inter alia* Clark threatened to strike Tancredi in the head with a baseball bat.

9. Town police responding to the scene observed Clark in possession of the bat and by radio informed Marraccini that Clark was threatening Tancredi with the bat. In response Marraccini made it clear that he had no intention of charging Clark, but rather intended to develop a case against Tancredi with respect to whom Marraccini harbors personal animus because of: i) the above-referenced civil rights actions; ii) Tancredi's expression of concern regarding Marraccini and the Chief of Police (David Hall's) having engaged in felonies with respect to members of the Department (including illegal eavesdropping and video taping officers in the police locker room in states of undress); and iii) Tancredi's expression of concern that Hall had forged a check intended for the PBA and diverted it to a different police association with regard to which he was a member and officer.

10. Under the circumstances the bat was seized by the police who transported Plaintiff to the Town's Police Headquarters where Defendants Mussolino and Doe

3

detained her in a room for approximately three hours with a view towards coercing her, over her repeated objection, to bear witness against Tancredi - - not because of any wrongdoing by Tancredi, but to retaliate against Tancredi for *inter alia* his having previously filed the referenced civil rights actions. *See e.g.* DeVittorio v. Hall, 07 Civ. 0812 (WCC); Duffelmeyer v. Marshall, 07 Civ. 2807 (WCC). That retaliatory conduct is known to, and has been expressly condoned by, a majority of the members of the Town's Board of Police Commissioners which *de jure* has final discretionary policy making authority over the Police Department and its administration.

11. At the time of Plaintiff's detention in Headquarters she did not consent and made it clear to her captors that she had no interest in assisting in their retaliatory plan. In that connection there was neither probable cause nor arguable probable cause to believe she had engaged in any wrongdoing, she was conscious of her confinement, and that confinement was not otherwise authorized and/or privileged.

12. Several days thereafter Mussolino presented himself at Plaintiff's residence and attempted to coerce Plaintiff to sign paperwork as a predicate for issuance against Tancredi and in favor of Plaintiff of a temporary order of protection. Plaintiff refused and as a result Mussolino directed her to call Assistant District Attorney Barbara Eggenhauser.

13. In turn Eggenhauser directed Plaintiff to report to the Office of the District Attorney where, again, Plaintiff repeatedly advised that she did not want anything to do with either an order of protection involving Tancredi or assisting in the [First Amendment] retaliation directed against Tancredi by reason of his federal lawsuits.

14. Despite Plaintiff's repeated protestations to Eggenhauser, Eggenhauser advised Plaintiff that if she did not agree to an order of protection Clark would "get in trouble" - - a threat that she had earlier conveyed to Clark who she told would be arrested on Tancredi's complaint if he (Clark) did not first accuse Tancredi of criminal wrong doing.

15. At the time of Plaintiff's in-office meeting with Eggenhauser and following Plaintiff's repeated refusals to agree to an order of protection, Plaintiff's confinement in Eggenhauser's office was non-consensual, Plaintiff was aware of her confinement, there was no probable cause and/or arguable probable cause to detain her, and that detention was not otherwise privileged or authorized. Eggenhauser's conduct with respect to Plaintiff was in accordance with long-established policy of the District Attorneys (past and current) who have knowingly condoned Eggenhauser's commission of crimes including subornation of perjury by a civilian complainant and a County Police Officer before a Westchester County Grand Jury [Corona v. Lunn, 00 Civ. 7330 (BDP)]. As to the incumbent District Attorney's condonation of criminal wrong-doing by high ranking members of the Harrison Police Department and members of the New York State Police, *see* Tornello v. County of Westchester, 07 Civ. 6697 (CLB).

16. One day prior to Tancredi's appearance in Town Justice Court on a violation (Harrassment in the Second Degree in violation of New York Penal Law Section 240.26) relating to Clark and the August 20, 2007, interaction, Eggenhauser again summoned Plaintiff to her office at which time Eggenhauser (acting in concert with Lucas and Light) repeatedly instructed Plaintiff (over Plaintiff's objections) that she had been "abused" by Tancredi and questioned her about supposed cocaine abuse by Tancredi.

17. Light then falsely advised Plaintiff that Tancredi had referred to Plaintiff as a "coke whore".

18. Lucas in turn advised Plaintiff that Tancredi was a thief and had stolen money from the PBA.

19. Eggenhauser, Light and Lucas all then made not so subtle threats that if Plaintiff did not cooperate with them against Tancredi in connection with the retaliatory plan with respect to which Plaintiff did not want to participate they would seek to have her deported.

20. Subsequent to Tancredi's Town Court appearance, to which Plaintiff had been brought by Town police, Light (on the pretext that he was going to drive Plaintiff to her residence), drove her instead to Police Headquarters where he placed her in a room and interrogated her about Tancredi. In response Plaintiff repeatedly protested her confinement, advising that she was "hungry and wanted to leave - - I don't want to be part of this". Light would not permit Plaintiff to depart.

21. Lucas and DiGiacomo then joined Light in the room with Plaintiff and further interrogated her, this time suggesting that Tancredi was involved in illegal gambling operations. Again Plaintiff protested that she did not want "any part of this" and that she "want[ed] to go home". In response Lucas cautioned her to "go with the order of protection - - you're in with us". Ultimately, Light drove Plaintiff to her residence.

22. Plaintiff's repeated confinements at Headquarters and her confinement in Eggenhauser's office by Light, Lucas, Mussolino, and DiGiacomo were not consented to by her, she was aware of her confinements, there was no probable cause or arguable

probable cause for her detentions, and those confinements were not otherwise privileged or authorized.

23. As a proximate result of Defendants' conduct Plaintiff has been forced to endure: repeated unlawful imprisonments; repeated victimization as a result of incidents of Official Misconduct, Coercion and Attempted Coercion by the Defendants; repeated threats against her and Clark; emotional upset; anxiety; public embarrassment; public humiliation; shame and she has otherwise been rendered sick and sore.

## AS AND FOR A CLAIM

24. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "23", inclusive.

25. Under the premises Defendants violated Plaintiff's rights as guaranteed by the Fourth Amendment to the United States Constitution, 42 U.S.C. §1983.

WHEREFORE judgment is respectfully demanded:

   a. Awarding against the individually named defendants such punitive damages as the jury may impose,

   b. Awarding against the Town such compensatory damages as the jury may determine,

   c. Awarding reasonable costs and attorney's fees, and,

d. Granting such other and further relief as to the Court seems just and

proper.

Dated: White Plains, N.Y.
   February 12, 2008

LOVETT & GOULD, LLP
By: _____
Jonathan Lovett (4854)
Attorneys for Plaintiff
222 Bloomingdale Road
White Plains, N.Y. 10605
914-428-8401
