UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
SOFIA SAENZ,                                              07 CIV 10534 (WCC)

                              Plaintiffs,

     -against-

EDWARD LUCAS, individually, VINCENT
MUSSOLINO, individually, RICHARD
LIGHT, individually, MARK DiGIACOMO,
individually, POLICE OFFICER JANE DOE,
individually, and the TOWN/VILLAGE OF
HARRISON, New York,

                              Defendants.
---------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS EDWARD LUCAS, MARK DIGIACOMO AND THE TOWN/VILLAGE OF HARRISON, NEW YORK'S MOTION TO DISMISS**

**FRIEDMAN, HARFENIST, LANGER & KRAUT**
Attorneys for Defendants
Town/Village of Harrison, New York
2975 Westchester Avenue, Suite 415
Purchase, New York   10577
(914) 701-0800

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................... i

PRELIMINARY STATEMENT ............................................................... 1

POINT I

THE PLAINTIFF HAS FAILED TO STATE A
CAUSE OF ACTION AGAINST LUCAS AND DIGIACOMO .................. 3

POINT II

THE PLAINTIFF HAS FAILED TO IDENTIFY
AN OFFICIAL POLICY, PRACTICE OR PROCEDURE
THAT ALLEGEDLY GAVE RISE TO THE
CONSTITUTIONAL VIOLATION ............................................................ 6

CONCLUSION ......................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*Beck v. Prupis*, 529 U.S. 494, 503, 120 S.Ct 1608, 146 L.Ed.2d 561 (2000) .................................. 3
*Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ........ passim
*Chalif v. Spitzer*, 2008 WL 1848650 (N.D.N.Y. 2008) ................................................................. 9
*Cofacredit, S.A. v. Windsor Plumbing Supply Co., Inc.*, 187 F.3d 229 (2d Cir. 1999) .................. 3
*Dwares v. City of New York*, 985 F.2d 94 (2d Cir. 1993) ......................................................... 4, 8
*Estate of Morris ex rel. Morris v. Dapolito*, 297 F.Supp.2d 680, 690 (S.D.N.Y. 2004) ................ 4
*Iqbal v. Hasty*, 490 F.3d 143 (2d Cir. 2007) ................................................................................. 9
*Jessamy v. City of New Rochelle*, 292 F.Supp.2d 498, 513 (S.D.N.Y. 2003) ............................ 3, 5
*Martino v. Westchester County Dept. of Corrections*, 2008 WL 144827 (S.D.N.Y 2008) ............ 7
*McCray v. City of New York*, 2007 WL 4352748 (S.D.N.Y. Dec. 11, 2007) ................................ 9
*Middleton v. City of New York*, 2006 WL 1720400 at 7 (E.D.N.Y. 2006) ................................ 4, 5
*Monell v. City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) ....................... 1
*Nat'l Cong. For Puerto Rican Rights by Perez v. City of New York*, 75 F.Supp.2d 154, 168 (S.D.N.Y. 1999) .......................................................................................................................... 4, 5
*Ostensen v. Suffolk County*, 236 Fed.Appx. 651, 653 (2nd Cir. 2007) .......................................... 3
*Pangburn v. Culberton*, 200 F.3d 65, 72 (2d Cir. 1999) ............................................................... 3
*S.W. by J.W. v. Warren*, 528 F.Supp.2d 282 (S.D.N.Y. 2007) ...................................................... 7
*Williams v. City of Mount Vernon*, 428 F.Supp.2d 146, 159 (S.D.N.Y. 2006) ............................. 7
*Wilson v. 103rd Precinct*, 182 F.3d 902 (2d Cir. 1999) ................................................................ 8

**Statutes**

42 U.S.C. §1983 ...................................................................................................................... passim

## PRELIMINARY STATEMENT

Defendants' Edward Lucas ("Lucas"), Mark DiGiacomo ("DiGiacomo") and the Town/Village of Harrison's ("Harrison") submit the instant reply memorandum of law in support of their motion to dismiss Plaintiff Sofia Saenz's ("Saenz") first amended complaint ("FAC").[1]

In moving to dismiss, Lucas and DiGiacomo pointed out that the allegations in the FAC do not state a cause of action against them as it fails to allege any actions that could reasonably be construed as violative of Saenz's civil rights. Additionally, Harrison asserted that the FAC did not contain any colorable cause of action as it did not allege any specific municipal policy or custom under *Monell v. City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) which allegedly led to the violation of Saenz's civil rights. In so doing, Harrison demonstrated that one of the purported policy makers (non-party Marracini) could not be a policymaker under a plausible review of the allegations pleaded in the complaint. Additionally, Harrison asserted that no valid *Monell* claim had been pleaded as the complaint contained only a conclusory allegation that the Board of Police Commissioners purportedly "condoned" a policy of retaliating against Saenz for lawsuits filed by her ex-boyfriend – non-party Ralph Tancredi.

---

[1] The FAC also identifies Vincent Mussolino ("Mussolino") and Richard Light ("Light") as Defendants in this action. As the FAC pleads arguably colorable causes of action against Mussolino and Light, they filed an answer rather than a motion to dismiss.

In opposing the instant motion, Saenz has not asserted that any specific acts taken by Lucas and DiGiacomo that were purportedly violative of Saenz's rights and has instead argued that they should be responsible for the actions of other defendant as co-conspirators. (Plaintiff's Memorandum of Law at p.4). As will be discussed below, Saenz cannot save the claims against Lucas and DiGiacomo based on this eleventh hour argument as the complaint's sole cause of action contains no allegations of a conspiracy. Furthermore, even if properly pleaded in detail, no conspiracy cause of action could be maintained where the members of the conspiracy are all employed by the same institutional defendant.

The cause of action against Harrison is similarly flawed. In opposing the motion to dismiss, Saenz does not attempt to refute that Marracini is not a policymaker and instead solely argues that since the Board of Police Commissioners are policymakers, Harrison is answerable in damages. While Saenz may be correct that in certain circumstances the Board of Police Commissioners can be considered a policy maker, the FAC does not contain a *Monell* claim since there are no particularized factual allegations in relation to the Board and its activities. Most importantly, even if taken at face value, the alleged policy of condoning retaliation does not involve conduct directed at Saenz.

# POINT I

## THE PLAINTIFF HAS FAILED TO STATE A CAUSE OF ACTION AGAINST LUCAS AND DIGIACOMO

In moving to dismiss, Lucas and DiGiacomo asserted that the FAC contained no cause of action against them as there were no allegations that they interfered with Saenz's Fourth Amendment rights. In opposing the motion, Saenz has argued that all individual defendants should be held responsible as co-conspirators under the civil RICO cases of *Beck v. Prupis*, 529 U.S. 494, 503, 120 S.Ct 1608, 146 L.Ed.2d 561 (2000) and *Cofacredit, S.A. v. Windsor Plumbing Supply Co., Inc.*, 187 F.3d 229 (2d Cir. 1999). As will be discussed below, this argument cannot save the claims against Lucas and DiGiacomo as the FAC does not contain allegations that could support application of co-conspirator liability to Lucas and DiGiacomo.

As noted by this Court in *Jessamy v. City of New Rochelle*, 292 F.Supp.2d 498, 513 (S.D.N.Y. 2003), "to survive a motion to dismiss, a §1983 conspiracy claim must allege: (1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict and unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *See also, Ostensen v. Suffolk County*, 236 Fed.Appx. 651, 653 (2nd Cir. 2007) and *Pangburn v. Culberton*, 200 F.3d 65, 72 (2d Cir. 1999). In order to meet this standard, a §1983 conspiracy complaint must contain more than mere conclusory

3

allegations. *Dwares v. City of New York*, 985 F.2d 94, 99 (2d Cir. 1993). Indeed "where a conspiracy claim is conclusory and fails to allege facts which suggest an agreement among the parties, the complaint must be dismissed." *Nat'l Cong. For Puerto Rican Rights by Perez v. City of New York*, 75 F.Supp.2d 154, 168 (S.D.N.Y. 1999). *See also*, *Estate of Morris ex rel. Morris v. Dapolito*, 297 F.Supp.2d 680, 690 (S.D.N.Y. 2004)("[t]he requisite specificity requires that the plaintiff make an effort to provide some details of time and place and the alleged effect of the conspiracy")." Additionally, "the fact that defendants' actions may have violated the plaintiff's civil and constitutional rights is not evidence that there was an agreement and meeting of the minds to deprive plaintiff of his constitutional rights." *Middleton v. City of New York*, 2006 WL 1720400 at *7 (E.D.N.Y. 2006).

In the case at bar, the FAC is silent as to the specifics of any alleged conspiracy. There is no discussion of the time and place where the conspiracy was purportedly agreed to by Lucas and DiGiacomo. Furthermore, the complaint contains no details of any agreement between any of the parties. Indeed, the complaint does not utilize the word conspiracy in either its facts or its cause of action. While Saenz argues in opposition to the motion to dismiss that all defendants were acting in concert in accordance with a board directed plan, there are simply no such factual allegations found in the FAC. It should be noted that

4

¶10 of the FAC (the only paragraph linking the Board to any actions by any defendant) solely discusses the actions of Mussolino and Doe and does not allege that Lucas and DiGiacomo took any actions with the knowledge or approval of the Board. Accordingly, the FAC can not satisfy the pleading requirements to establish a conspiracy claim against DiGiacomo or Lucas.

Even assuming that the FAC had alleged the time, place and details of an alleged conspiracy that purportedly involved DiGiacomo and Lucas, it would still be subject to dismissal, since all of the parties to the conspiracy are employees of the same municipal corporation. *See generally, Middleton v. City of New York*, 2006 WL 1720400 at *8 (E.D.N.Y. 2006)("as City defendants correctly point out, members of a single entity, i.e. alleged co-conspirators who are employed by the same institutional defendant cannot conspire together"). *See also*, *Nat'l Cong. For Puerto Rican Rights by Perez v. City of New York*, 75 F.Supp.2d 154, 168 (S.D.N.Y. 1999)(noting that conspiracy claim was subject to dismissal as all defendants were employees of the city of New York and except for the mayor were all members of the Police Department). Indeed, this Court in *Jessamy v. City of New Rochelle*, 292 F.Supp.2d 498, 514 (S.D.N.Y. 2003) recognized the rule that intracorporate defendants cannot conspire to violate a Plaintiff's civil rights and dismissed a §1983 suit where the Plaintiff had alleged that an officer, the mayor and the city had conspired to violate the Plaintiff's civil rights.

5

As Saenz has not alleged any individual conduct by DiGiacomo and Lucas that purportedly violated her civil rights and the FAC is silent as to the details of any conspiracy that could impute liability to them, it is respectfully submitted that the FAC must be dismissed as against DiGiacomo and Lucas.

## POINT II

**THE PLAINTIFF HAS FAILED TO IDENTIFY AN OFFICIAL POLICY, PRACTICE OR PROCEDURE THAT ALLEGEDLY GAVE RISE TO THE CONSTITUTIONAL VIOLATION**

In moving to dismiss the claims against Harrison, the Defendants argued that the FAC was defective as: (1) the complaint had not adequately pleaded a municipal policy; (2) non-party Marracini was not a policymaker and as such his actions could not constitute municipal policy, practice or custom; and (3) the complaint does not contain allegations of a widespread custom providing imputed knowledge to the Board of Police Supervisors. In opposing the motion to dismiss, Saenz merely asserts that since the Board of Police Commissioners is vested with discretionary decision making power over the police department, Harrison is answerable in damages under *Monell*. (Plaintiff's Memorandum of Law at p.5). While the Board of Police Commissioner may be a policymaker under *Monell*, the conclusory statement that "because they are policymakers there is liability" is far too simplistic a view of municipal liability and cannot justify denial of Harrison's motion to dismiss.

In relation to the pleading of a policy, Harrison argued that the complaint was insufficient under this Court's holding in *Williams v. City of Mount Vernon*, 428 F.Supp.2d 146, 159 (S.D.N.Y. 2006) that a complaint is subject to dismissal if it contains "only conclusory allegations regarding the existence of a 'formal or de facto policy' on the part of the City with respect to the alleged constitutional violations of which they complain." This holding finds support in the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly,* __ U.S. __, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007), in which the Court required a showing of some facts in order to demonstrate the plausibility of the complaint. *See generally*, *Martino v. Westchester County Dept. of Corrections*, 2008 WL 144827 at *3 (S.D.N.Y. Jan. 15, 2008)(citing to *Twombly* for the principle that a "complaint is measured against a flexible 'plausibility standard,' which obligates the "pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible") and *S.W. by J.W. v. Warren*, 528 F.Supp.2d 282 (S.D.N.Y. 2007)(in which the Court noted that "allegations that are so conclusory that they fail to give notice of the basic events and circumstances of which plaintiff describes, are insufficient as a matter of law"). By merely asserting in opposition to the motion that the actions were pursuant to a policy condoned by the Board of Police Commissioners, Saenz has not remedied the defective pleading and as such the FAC should be dismissed as against Harrison.

7

Leaving aside the FAC's failure to identify any specific policy, Harrison also argued that the FAC failed to identify how any municipal policymaker was responsible for the policy. In so doing, Harrison offered two arguments – that Marracini was not a municipal policymaker and that the complaint was devoid of non-conclusory allegations that the Board of Police Commissioners approved of the policy. In response, Saenz has not in any way attempted to explain how Marracini is a policy maker and literally ignores Harrison's argument. While Saenz does argue that the Board of Police Commissioners is a municipal policymaker, she makes no attempt to supplement or otherwise rectify the FAC's abject failure to plead some facts tending to show that the Board makes policy in relation to detention of civilians[2] or that the Board's actions led to her purported injury. *See generally*, *Dwares v. City of New York*, 985 F.2d 94 (2d Cir. 1993)("The mere assertion, however, that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference"). *See also, Wilson v. 103rd Precinct*, 182 F.3d 902 (2d Cir. 1999)(affirming dismissal of complaint at 12(b)(6) stage, in part due to failure to state cause of action for *Monell* violations as "simple bald assertions and conclusions of law do not prevent dismissal of the complaint").

---

[2] As noted by the Second Circuit in *Jeffes v. Barnes*, 208 F.3d 49, 57 (2d Cir. 2000), "the official in question need not be a municipal policymaker for all purposes. Rather, with respect to the conduct challenged, he must be "responsible under state law for making policy *in that area* of the [municipality's] business." (emphasis in original).

8

As noted by the court in *Chalif v. Spitzer*, 2008 WL 1848650 (N.D.N.Y. 2008) a §1983 complaint in the post-*Twombly* era requires "enough facts to nudge plaintiff's claims across the line from conceivable to plausible." In this matter, the FAC and Memorandum of Law in Opposition to the Motion to Dismiss suffer from a terminal defect as there are simply no facts pleaded that would make the conclusion that a municipal policy existed plausible. Indeed, in *McCray v. City of New York*, 2007 WL 4352748 (S.D.N.Y. Dec. 11, 2007) the court applied *Iqbal v. Hasty*, 490 F.3d 143 (2d Cir. 2007)(the Second Circuit's formulation of *Twombly*'s heightened pleading requirement) to grant a Rule 12(b)(6) motion to dismiss *Monell* claims, explaining that "while Plaintiffs enumerate multiple offensive policies or customs, they fail to allege facts that sufficiently render a claim based on the inference of such practices plausible." Since the FAC does not meet the threshold of pleading any facts that could plausibly indicate that Harrison's Board of Police Commissioners was aware of a retaliation policy and ignored it, the claim against Harrison cannot survive on this basis.

The final argument made by Harrison was that that even assuming the complaint did properly allege a policy that the municipal policymakers were aware of but did not respond to, it could not give rise to a claim of municipal liability since this purported policy was not directed at Saenz. In so doing, Harrison asserted that even giving the FAC the most liberal possible reading, it could only

9

be theoretically construed as pleading a theory that Harrison had a *de facto* policy of retaliating against parties for filing lawsuits against Harrison. Harrison then concluded that since Saenz has alleged that these actions were taken against her because of any lawsuit that she filed there can be no allegations that her injuries resulted from a municipal policy of retaliating against those who bring lawsuits against Harrison. Saenz has similarly ignored this argument and as such it stands unrebutted as an independent basis for dismissal of the lawsuit as against Harrison.

## CONCLUSION

In light of the foregoing, Lucas, DiGiacomo and Harrison's motion to dismiss the complaint pursuant to FRCP 12(b)(6) should be granted in its entirety.

Dated: Purchase, New York
     May 6, 2008

                              Respectfully submitted,
                              FRIEDMAN, HARFENIST, LANGER & KRAUT
                              Attorneys for Defendants
                              TOWN/VILLAGE OF HARRISON
                              2975 Westchester Avenue, Suite 415
                              Purchase, New York  10577
                              (914) 701-0800

                              By:_____S_____
                                  Neil Torczyner